

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Syrian E. Marbut
County Attorney, Lubbock County
Lubbock, Texas

Dear Mr. Marbut:

Opinion No. O-7118
Re: May bonds be issued for the
construction of a county
library building, to be erect-
ed separate and apart from the
courthouse or jail?

We acknowledge receipt of your opinion request of
recent date, and quote from your letter as follows:

"In my capacity as County Attorney of Lubbock
County, Texas, I would like to request the opinion
of your office upon the following question.

"Article 1677 and the following articles of
the Revised Civil Statutes of the State of Texas
provides that a county may establish and maintain
and operate within their respective county a free
library in the manner and in the functions pre-
scribed in said articles. Article 1679 provides
for the maintenance of said library. Article 718 of
the Revised Civil Statutes provides the purposes
for which a county may issue bonds for the erection
of certain county buildings which provides among
other things, to erect a county court house and
jail or either.

"However, said article 718 does not provide for
the issuing of bonds to build a county library build-
ing. I would like an opinion from your office as to
whether or not Article 718 by implication or other-
wise, authorizes the issuing of bonds to erect a county
library, or whether there is any other article where-
by a county may issue bonds for the erection of a
building to house a free county library, said build-
ing to be separate and apart from the court house as
provided in Article 718, aforesaid.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"I would further like your opinion as to whether or not in the event bonds may not be issued to erect a building tobe used for a county library seperate and apart from the court house or jail house, if said building could be erected from any other county funds."

It is well settled in this State that a county cannot issue its bonds without an act of the Legislature conferring the power to do so. Bell et al v. Presidio County, 29 S. W. 1042; Nolan County v. State (Supreme Court), 17 S. W. 823; Lasater v. Lopez (Supreme Court), 217 S. W. 376. We find no expressed authorization for the issuance of bonds by a county for the purpose of erecting a building to house a free county library. Articles 1677-1696 authorize the establishment of county libraries under certain prescribed conditions, but do not expresaly authorize the issuance of bonds; nor, for that matter, said statutes do not expressly authorize the construction of buildings to be used for public libraries. Article 718, Vernon's Annotated Civil Statutes, provides the purpose for which a county may lawfully issue its bonds, and a county library building is not included therein. The Supreme Court of Texas has held that even under a grant of power to erect a building, a county does not have the implied power to issue bonds therefor, and that the power to issue bonds must be expressly conferred by law. Robertson v. Breedlove, 61 Texas 316.

In reply to your first question, we are of the opinion that a county cannot issue bonds for the purpose of erecting a building to house a free county library.

In reply to your second question, you are advised that if the Legislature had authorized the issuance of bonds for the erection of the building to house a county library, same would have to be paid out of the constitutional fund commonly known as the Permanent Improvement Fund (Article 8, Section 9 of the Constitution of Texas). There is no other county fund out of which this type improvement could legally be financed.

Trusting that this answers your questions, we are

APPROVED
MAR. 5, 1946
signed:
CARLOS C. ASHLEY
FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours,

ATTORNEY GENERAL OF TEXAS

signed:

By

Claud O. Boothman
Assistant

COB:V:ddt

APPROVED OPINION COMMITTEE BY B. W. B.   CHAIRMAN